UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **LaKEITH MURPHY,** | ) |
| | ) |
| Plaintiff, | ) |
| | )  CAUSE NO.  3:04-CV-735 AS |
| v. | ) |
| | ) |
| **ELKHART COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** *et al.* | ) |
| | ) |
| Defendants. | ) |

### *MEMORANDUM OPINION AND ORDER*

LaKeith Murphy, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 and answers to the court's questions which qualify as a more definite statement under FED. R. CIV. P. 12(e). Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second,

> he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Murphy alleges that he was attacked by another inmate. Though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations and internal punctuation omitted). When one inmate attacks another, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen . . .." *Halley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and

2

> decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985). Prison officials cannot be expected to eliminate the possibility of all attacks because the prison system is always potentially dangerous and sometimes explosive. *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991) ("Prisons are dangerous places"). Thus, the right to reasonable protection does not include the right to protection from random acts of violence. *See, McGill v. Duckworth*, 944

3

F.2d 344, 348 (7th Cir. 1991) ("some level of brutality . . . among prisoners is inevitable no matter what guards do").

Mr. Murphy alleged in his complaint that, "the defendants failed to act on the suggestion of the plaintiff" of a "danger of assault and battery to this plaintiff's person". Complaint at 3. Because this allegation was too vague to determine that Mr. Murphy had notified the defendants of a strong likelihood of violence rather than merely a possible danger, this court directed Mr. Murphy to file a more definite statement pursuant to FED. R. CIV. P. 12(e). Specifically, Mr. Murphy was asked: "What did you tell the defendants about the danger that you faced? Be as specific as possible." Docket # 7 at 1. In response Mr. Murphy stated,

> I informed C/O Crawford that I was in a bad environment and that I needed to be moved.
> . . .
> I immediately told Kirby that Crawford was supposed to move me out of the ward.
> . . .
> Kirby returned to pick up the trays and I told him again about the move I expected.

Docket # 8 at 1. These responses indicate that Mr. Murphy told the defendants that the cell block was a bad environment and that he expected to be moved. "Prisons are dangerous places." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991). So too, jails are bad environments and "[s]ome level of brutality . . . among [prisoners] is inevitable no matter what the guards do." *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991).

Mr. Murphy's statements to the guards provided no specific description of the danger he faced, identified no specific threat that had been made to him, described no one who might assault him, and specified no reason why he might be assaulted. Neither did his statements express any urgency that an attack was imminent nor any fear other than that he might be sent back to segregation for fighting. Even though Mr. Murphy's statements were insufficient to require the guards to do anything, Mr. Murphy alleges that they nevertheless expressed concern and considered moving him. Such a response to his vague entreaties was not deliberately indifferent.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

**ENTERED: April 26, 2005**

    s/ ALLEN SHARP    
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
